# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEVGI COOK,
          Appellant,

v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DE-0752-16-0285-I-1

DATE: September 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sevgi Cook, Colorado Springs, Colorado, pro se.

Laura A. Smith, Esquire, Fort Carson, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Vice Chairman Harris recused herself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's claims of agency noncompliance with the terms of the parties' agreements to the Board's Denver Field Office for docketing as a petition for enforcement.

## BACKGROUND

¶2    The appellant appealed the agency's action removing her from her position as a Dental Hygienist, GS-0682-06, effective April 22, 2016.  Initial Appeal File (IAF), Tab 1, Tab 4 at 21, 26-30.  During the pendency of the appeal, the parties entered into a settlement agreement, which was fully executed on August 4, 2016. IAF, Tab 14.  On August 5, 2016, the administrative judge issued an initial decision incorporating the settlement agreement into the record and dismissing the appeal.  IAF, Tab 17, Initial Decision (ID).  In dismissing the appeal, the administrative judge found:  (1) the Board had jurisdiction over the appeal; (2) the settlement agreement appeared lawful and freely reached, and the parties fully understood the terms of the agreement; and (3) the parties moved that the agreement be included in the record for enforcement purposes; thus, the

agreement was incorporated into the record, and the Board retained jurisdiction to enforce the agreement.  ID at 1-2.

¶3      On September 1, 2016, the parties executed a document entitled Correction to Settlement Agreement that provided for the correction of paragraph 7c of the August 4, 2016 settlement agreement, which pertained to a lump sum payment to be made to the appellant.  Petition for Review (PFR) File, Tab 2 at 13-14.  The parties did not submit this document for incorporation into the record.

¶4      On September 7, 2016, the appellant timely filed a petition for review.  PFR File, Tab 1.  She alleges that the agency misled her into believing that she would receive the payment and new Standard Form 50 (SF-50) set forth in the August 4, 2016 Settlement Agreement (Agreement) by September 2, 2016, if she signed the September 1, 2016 Correction to Settlement Agreement (Correction).  *Id.* at 4-5.  She further alleges that the agency has not yet made payment or issued the new SF-50 and thus has not adhered to the agreements.  *Id.*  The agency has filed a response opposing the petition for review, to which the appellant has filed a reply.  PFR File, Tabs 2, 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      A settlement agreement is a contract between the parties and its terms are to be interpreted as a question of contract law.  *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010).  An appellant may challenge the validity of a settlement agreement if she believes it was unlawful, involuntary, or the result of fraud or mutual mistake.  *Id.*  Even if the alleged invalidity was not apparent at the time of settlement, the agreement must be set aside if it is subsequently shown by new evidence that the agreement was tainted with invalidity by fraud or misrepresentation.  *Id.*  The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation.  *Id.*

¶6      If, however, a party is not challenging the validity of the settlement agreement, but believes that the other party has failed to comply with a term of

the agreement, she may file a petition for enforcement with the regional or field office that issued the initial decision. *McKinney v. Department of Agriculture*, 70 M.S.P.R. 165, 166-67 (1996). While the appellant alleges noncompliance with the agreement in question, she also seeks to have the agreement set aside on the basis of fraud. PFR File, Tab 1 at 4-5. Thus, the appellant has stated a ground for the Board to review her submission as a petition for review. *McKinney*, 70 M.S.P.R. at 167.

¶7 The Correction was not entered into the record below, nor has either party requested that the Correction be entered into the record. Nevertheless, a party may challenge the validity of a settlement agreement, regardless of whether it has been entered into the record for enforcement, if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994).

¶8 Here, the appellant alleges fraud on the part of the agency in obtaining her consent to the Correction, which modified the original Agreement. PFR File, Tab 1 at 4-5. "Fraud in the inducement" is defined as "occurring when a misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved; an intentional misrepresentation of a material risk or duty reasonably relied on, thereby injuring the other party without vitiating the contract itself." *Wofford*, 115 M.S.P.R. 468, ¶ 7 (quoting Black's Law Dictionary 671 (7th ed. 1999)). To establish that a settlement agreement resulted from fraud in the inducement, the appellant must show that the agency knowingly concealed a material fact or intentionally misled her. *Id*.

¶9 Having considered the appellant's allegations on review, we find that the arguments she raised present no basis for setting aside the Agreement or the Correction. The appellant has not presented any evidence to suggest that the agency knowingly concealed facts or intentionally misled her about the nature of the Correction or the completion of the agency's obligations under the Agreement and subsequent Correction.

¶10    The appellant appears to allege that the agency's timing in contacting her to request that she sign the Correction shortly before the 30-day period following the execution of the Agreement ended is circumspect, but she offers no evidence to show that the agency's contact was intentional or concealed facts about the Correction or Agreement.  PFR File, Tab 1 at 5.  It is undisputed that the agency contacted the appellant to sign the Correction to correct an error in paragraph 7c of the Agreement regarding the recipient of the payment set forth in the paragraph.  PFR File, Tab 1 at 5, Tab 2 at 4-5.  The record reflects that, although a representative for the appellant is listed in this matter, the appellant was not represented by an attorney during the pendency of the appeal.  IAF, Tab 7.  The Correction modified paragraph 7c of the Agreement to pay a lump sum to the appellant, rather than to an attorney.  PFR File, Tab 2 at 13-14.  The appellant has not provided any evidence to show that the agency contacted her to sign the Correction for any reason other than to rectify the error in the Agreement as set forth in the Correction.  PFR File, Tabs 1, 8.

¶11    The appellant also asserts that the agency led her to believe that the Correction changed the recipient of the payment but not the date of payment (purportedly September 2, 2016) set forth in paragraph 7c of the Agreement, but it did not intend to provide payment by the agreed-upon date.  PFR File, Tab 1 at 4-5.  The appellant has not provided any evidence to establish that the agency made such a representation.  PFR File, Tabs 1, 8.  Moreover, the terms of the Correction are unambiguous in modifying the time frame in the Agreement with respect to payment in paragraph 7c.  PFR File, Tab 2 at 14.  In construing a settlement agreement, the Board will first consider the terms of the agreement itself, which are of paramount importance in determining the intent of the parties at the time they contracted.  *Harris v. Department of Veterans Affairs*, 99 M.S.P.R. 609, ¶ 4 (2005).  The Board will only examine extrinsic evidence if the terms of the agreement are ambiguous, meaning they are susceptible to more than one reasonable interpretation.  *Id.*  The Correction sets forth that the

agency's obligations under paragraph 7c of the Agreement are corrected to: "[w]ithin 30 calendar days of this **Correction to the Settlement Agreement**, initiate paperwork to pay the Appellant a lump sum of $15,000[.]" PFR File, Tab 2 at 13-14. The Correction further provides that all other terms of the Agreement remain in effect. *Id.* at 13. Accordingly, the Correction is unambiguous in providing for 30 days following the date of the Correction to initiate paperwork to make the payment, and we cannot find that the appellant was misled when she executed the Correction providing for such a time frame for payment.

¶12        The appellant's argument is also based on the premise that the agency was to complete payment and issuance of a new SF-50 within 30 days of the date of the Agreement; however, the language of the Agreement does not support this interpretation. IAF, Tab 14; PFR File, Tab 1 at 5. The Agreement plainly states that the agency was obligated to take the following actions as to payment and issuance of a new SF-50: (1) "[w]ithin 30 calendar days of this agreement, initiate paperwork to cancel the Appellant's Removal SF-50 . . . and issue a new SF-50"; (2) "[w]ithin 30 calendar days of this agreement, initiate paperwork to pay the Appellant all wage payments from date of cancelled removal to date of voluntary resignation"; and (3) "[w]ithin 30 calendar days of this agreement, initiate paperwork to pay the appellant a lump sum of $15,000[.]" IAF, Tab 14, at 2-3. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Brown v. General Services Administration*, No. 2021-1996, 2022 WL 2354499, at *2 (Fed. Cir. June 30, 2022), recently agreed with the Board's interpretation of the word "initiate," finding that a provision in a settlement agreement requiring the agency to "initiate payment" required the agency to take steps to initiate payment, not complete it. Relying on the Merriam Webster Collegiate Dictionary definition of the term "initiate," the Federal Circuit explained that "[t]he normal meaning of initiate is to begin, not to complete." *Brown*, 2022 WL 2354499, at *2. Thus, because the agency had taken steps to initiate the payment, the

Federal Circuit agreed with the Board that the agency had not materially breached the settlement agreement by failing to complete the payment within the proscribed timeframe.[2] *Id.* at *2-3.

¶13    Similarly, here we find that the unambiguous terms of the Agreement do not mandate completing payment or issuing the SF-50 by the date specified by the appellant.[3] *Id.*; PFR File, Tabs 1, 8.  Accordingly, the appellant cannot show that the agency induced her to sign the Correction based on a misrepresentation that the agency would still complete its obligations under the Agreement when she was not entitled to completion by September 2, 2016, under the original Agreement.  *Brown*, 2022 WL 2354499, at *2-3; PFR File, Tabs 1, 8.

¶14    Finally, the appellant asserts that the delay in the agency's compliance with the agreements shows that the agency induced her to sign the Correction when it did not intend to adhere to the time frames for compliance.  PFR File, Tab 1 at 5.  As set forth above, the appellant's understanding of the time frame for the agency's compliance with the Agreement and Correction is faulty.  Assuming, however, that the agency did not comply with the time frames in the Agreement and Correction, and thus may have breached the agreements, the mere fact of noncompliance is insufficient on its own to establish that the agency did not intend to comply with the time frames and that it knowingly concealed a material fact or intentionally misled the appellant.  *Wofford*, 115 M.S.P.R. 468, ¶ 8.  Therefore, the appellant has not presented sufficient evidence or argument to support her assertion that the agency fraudulently induced her to sign the Correction.

---

[2] The Board may follow a nonprecedential decision of the Federal Circuit when it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[3] To the extent the appellant misunderstood the terms of completion of the agency's obligations under the Agreement, the mistake appears to be one-sided.  Unilateral mistakes are not a basis for finding a settlement agreement invalid.  *Pawlowski v. Department of Veterans Affairs*, 96 M.S.P.R. 353, ¶ 15 (2004).

¶15    In her reply to the agency's response, the appellant also raises new allegations that she did not fully understand the language of the Agreement and that she was under a doctor's care and under physical and emotional stress when she executed the Agreement.  PFR File, Tab 8 at 5-6.  However, our regulations provide that a party may not raise new allegations of error in a reply; thus, we do not consider any new allegations first raised in the appellant's reply.  5 C.F.R. § 1201.114(a)(4); *see Boston v. Department of the Army*, 122 M.S.P.R. 577, 580 n.3 (2015) (declining to consider new arguments first raised in a reply brief).

¶16    Accordingly, we find no basis on which to invalidate the Correction or Agreement, and we deny the petition for review and affirm the initial decision. We forward the appellant's allegations of noncompliance with the parties' agreements to the field office for docketing as a petition for enforcement. *McKinney*, 70 M.S.P.R. at 167.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.